UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEX HOUTON,<br><br>                    Plaintiff,<br><br>         v.<br><br>NEW JERSEY DEPARTMENT OF HEALTH,<br><br>                    Defendant. | Civil Action No. 25-4157 (MAS) (JTQ)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon two docket entries. First is Plaintiff Alex Houton's ("Plaintiff") Motion to File Complaint Under Seal. (ECF No. 3.) Second is the United States of America's (the "United States") Notice of Election to Decline Intervention and Suggestion of Dismissal, dated June 5, 2025 ("Suggestion of Dismissal") (ECF No. 7), to which Plaintiff filed an opposition (Pl.'s Opp'n Br., ECF No. 14).

I.  **Motion to Seal**

Plaintiff moves to file the Complaint under seal pursuant to 31 U.S.C. § 3730(b)(2) "to allow the United States to investigate the allegations and determine whether to intervene in the action." (*See* Pl.'s Mot. to Seal, ECF No. 3.) Under 31 U.S.C. § 3730(b)(2), in a False Claims Act ("FCA") case,

> the complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b)(2). Here, the Complaint has remained under seal throughout the period in which the United States investigated the claims and decided whether to intervene. (*Compare*

Compl., ECF No. 1 (filed on May 12, 2025), *with* Suggestion of Dismissal 1, ECF No. 7 (declining to intervene on June 5, 2025).) The United States has declined to intervene in this action. (Suggestion of Dismissal 1.) Since Plaintiff's sealing request seems to be for the sole purpose of the United States's review of the Complaint to determine intervention under 31 U.S.C. § 3730(b)(2) (see Pl.'s Mot. to Seal), which the United States declined (Suggestion of Dismissal 1), and there is a presumption of access to judicial records, *see In re Cendant Corp.*, 260 F.3d 183, 193-94 (3d Cir. 2001), the Court denies Plaintiff's motion as moot.

**II.    Suggestion of Dismissal**

The United States argues that dismissal is appropriate here because: (1) a pro se relator cannot represent the United States in a FCA case; and (2) the United States did not receive service of the Complaint or disclosures as required under 31 U.S.C. § 3730(b)(2). (*See generally* Suggestion of Dismissal.) Plaintiff argues in opposition that he may proceed pro se because 31 U.S.C. § 3730(c)(3) expressly authorizes a relator to bring a qui tam action and the statute does not include any requirement of legal representation. (Pl.'s Opp'n Br. 2-4, 11-15.)

The FCA allows a relator "to bring enforcement actions on behalf of the United States to recover funds which were fraudulently obtained, and to share in any resulting damages award." *Ajjahnon v. St. Joseph's Univ. Med. Ctr.*, 840 F. App'x 667, 668 (3d Cir. 2020). While such a qui tam action may be brought by a relator, the "claim itself belongs to the United States." *Id.* (quoting *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008)). The Third Circuit has held that "a pro se litigant may not pursue a qui tam action on behalf of the Government" because of the prohibition against a pro se party representing a third party in federal court. *Id.*; *Downey v. United States*, 816 F. App'x 625, 627 (3d Cir. 2020) (same). The United States has declined to intervene in this action. (Suggestion of Dismissal 1.) Plaintiff, therefore, as a pro se

litigant, may not pursue this qui tam action on behalf of the United States. The Court, therefore, dismisses the Complaint.[1] Accordingly,

    **IT IS**, on this <u>25th</u> day of September 2025, **ORDERED** as follows:

1.     Plaintiff's Motion to Seal (ECF No. 3) is **DENIED AS MOOT**.

2.     Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

3.     The Clerk's Office shall unseal this case and close this case.

 

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court finds dismissal appropriate due to Plaintiff's pro se status, the Court declines to address the United States's argument concerning service under 31 U.S.C. § 3730(b)(2).