**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ALEX HOUTON,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW JERSEY DEPARTMENT OF HEALTH,<br><br>    Defendant. | Civil Action No. 25-4157 (MAS) (JTQ)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon two motions made by Plaintiff-Relator Alex Houton ("Plaintiff"): (1) Plaintiff's Motion for Findings of Fact and Conclusions of Law Regarding Termination of Action (ECF No. 22); and (2) Plaintiff's Amended Motion to Vacate or Set Aside Termination of the Action (ECF No. 25). The Court has carefully considered Plaintiff's submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

On May 12, 2025, Plaintiff, proceeding pro se, filed a qui tam action on behalf of the United States of America ("United States" or the "Government") alleging that Defendant New Jersey Department of Health made false and fraudulent claims in violation of the False Claims Act (the "FCA"). (*See generally* Compl., ECF No. 1.) On June 5, 2025, the Government filed a Notice of Election to Decline Intervention and Suggestion of Dismissal. (*See generally* Gov't's Not., ECF No. 7.) On September 25, 2025, the Court issued a Memorandum Order (the "September Memorandum Order") agreeing with the Government's suggestion of dismissal because Plaintiff, as a pro se litigant, could not pursue a qui tam action on behalf of the United States. (Sep. 25, 2025,

Mem. Order 2-3, ECF No. 16.) The Court, therefore, dismissed the action and closed the case.[1] (*Id.* at 3.)

On October 8, 2025, Plaintiff filed the present Motion for Findings of Fact and Conclusions of Law Regarding Termination of Action requesting that the Court issue its findings of fact and arguing that "[n]o order was entered[,] [n]o findings of fact, conclusions of law, or judgment accompanied the termination." (Pl.'s Mot. for Findings of Fact & Conclusions of Law 1, ECF No. 22.) On October 22, 2025, Plaintiff filed the present Amended Motion to Vacate or Set Aside Termination of Action. (*See generally* Pl.'s Am. Mot. to Vacate, ECF No. 25.) Plaintiff requests that the Court restore "the case to the active docket" because Plaintiff claims the termination of the case "is void" considering that "[t]he Court issued no findings of fact, conclusions of law, or citation to statutory authority." (*Id.* at 1.) In essence, Plaintiff argues in support of both motions that he was deprived of his "statutory rights and due process" because his case was terminated "without reasoned explanation." (Pl.'s Mot. for Findings of Fact & Conclusions of Law 3; Pl.'s Am. Mot. to Vacate 5.)

As the Court explained in its September Memorandum Order, dismissal of Plaintiff's Complaint was appropriate because Plaintiff, proceeding pro se, could not bring a qui tam action on behalf of the United States. (*See generally* Sep. 25, 2025, Mem. Order.) Specifically, the Court noted that Plaintiff's cause of action arises under the FCA, which allows a private party, known as a relator, "to bring enforcement actions on behalf of the United States to recover funds which were fraudulently obtained, and to share in any resulting damages award." (*Id.* at 2 (quoting *Ajjahnon v. St. Joseph's Univ. Med. Ctr.*, 840 F. App'x 667, 668 (3d Cir. 2020)).) The Court went on to

---

[1] In reaching its decision, the Court declined to address the Government's argument concerning service under 31 U.S.C. § 3730(b)(2), finding dismissal appropriate due to Plaintiff's pro se status. (Sep. 25, 2025, Mem. Order 3.)

explain that a qui tam action may be brought by a relator, but the "claim itself belongs to the United States." (*Id.* (quoting *Ajjahnon*, 840 F. App'x at 668).) The Court then noted that "'a pro se litigant may not pursue a qui tam action on behalf of the Government' because of the prohibition against a pro se party representing a third party in federal court." (*Id.* (quoting *Ajjahnon*, 840 F. App'x at 668).) Because the Government declined to intervene in the action (*see generally* Gov't's Not.), and Plaintiff, acting pro se, "cannot represent the United States in a[n] [FCA] action[,]" (*id.* at 1), the Court found dismissal appropriate (*see* Sep. 25, 2025, Mem. Order 2-3). Plaintiff's arguments that: (1) the "record is devoid of any reasoning or legal authority supporting the termination"; (2) "[n]o order was entered"; and (3) "[n]o findings of fact, conclusions of law, or judgment accompanied the termination" are, therefore, without merit.[2] (Pl.'s Mot. for Findings of Fact & Conclusions of Law 1; Pl.'s Am. Mot. to Vacate 1.)

Based on the foregoing,

It is, on this __2ⁿᵈ__ day of __March__ 2026, **ORDERED** as follows:

1. Plaintiff's Motion for Findings of Fact and Conclusions of Law Regarding Termination of Action (ECF No. 22) is **DENIED**.

2. Plaintiff's Amended Motion to Vacate or Set Aside Termination of the Action (ECF No. 25) is **DENIED**.

---

[2] Plaintiff's argument that the Court's decision to dismiss the Complaint "was a sua sponte invention with no basis in law or the record[ and] constitut[ed] a clear abuse of discretion" also fails. (*See* Pl.'s Am. Mot. to Vacate 2.) First, the Government raised that dismissal was appropriate since Plaintiff was attempting to proceed pro se in bringing a qui tam action. (*See generally* Gov't's Not.) Second, even if the Government had not raised the argument, the Court is nevertheless permitted to dismiss a complaint sua sponte if it is clear that the complaint is inadequate in some way. *See, e.g.*, *Nat'l Fire Ins. Co. of Hartford v. Univ. Janitorial Supply Corp.*, No. 05-5945, 2006 WL 892291, at *5 (D.N.J. Apr. 6, 2006) ("[A] court may, sua sponte, dismiss the complaint where the inadequacy of the complaint is clear." (citation omitted)).

3

3.  The Clerk of Court is directed to send by regular mail and certified mail a copy of this Memorandum Opinion, as well as a copy of the Court's September 25, 2025, Memorandum Order (ECF No. 16) and a copy of the docket sheet.[3]

4.  The case shall remain closed.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff has made multiple requests for copies of docket entries in this matter (*see, e.g.*, Pl.'s Oct. 30, 2025, Correspondence, ECF No. 27) and alleged that he never received copies of certain Court Orders (*see, e.g.*, Pl.'s Mot. for Clarification & Recons. 2-3, ECF No. 17). Plaintiff, however, registered to receive electronic filings (Pl.'s Consent & Reg. Form, ECF No. 2) and the e-mail address that the Clerk's Office sends notices of electronic filings to matches the e-mail address Plaintiff provided to the Court in his registration. The docket also reflects that Plaintiff never revoked his election to receive electronic filings. The Court, nevertheless, will order the Clerk's Office to send by regular mail and certified mail copies of the documents identified above.

4